[No. 17716.    Department Two.    May 10, 1923.]

F. M. BALCOM, *Appellant*, v. M. KOHNO, *Respondent*.[1]

SALES (29)—CONTRACT—CONSTRUCTION—QUANTITY AND ASCERTAINMENT THEREOF. A tenant farmer's contract with a dealer in farm products to sell potatoes, reciting that it "covers all his potatoes," includes the whole crop, although he had authority to sell only 65% of the crop, rendering him liable in damages for failure to deliver the balance owned by the landlord, where it was apparent from the surrounding circumstances that the parties meant the whole crop upon the particular land, and the buyer did not know of the tenant's want of authority.

SAME (83)—CONTRACT—BREACH—PAYMENT OF PRICE—EVIDENCE—SUFFICIENCY. A farmer's contract to sell and deliver all his potatoes is not excused by the buyer's failure to pay cash on delivery of part of the crop on demand when delivered, ·where such payment was not made a condition affecting his future deliveries, and no breach was immediately claimed.

Cross-appeals from a judgment of the superior court for Yakima county, Holden, J., entered September 19,

¹Reported in 215 Pac. 17.

1922, upon findings in favor of the defendant, in an action on contract, tried to the court. Reversed.

*Henry H. Wende* and *O. L. Boose,* for appellant.

*J. M. Dunn* and *Joseph M. Glasgow,* for respondent.

TOLMAN, J.—Appellant, who was a dealer in farm produce, entered into the following written contract with respondent, who is a farmer:

"M. Kohno,                               Oct. 23, 1919.
    "Grandview, Wash.

"We hereby offer to purchase from you at the price of $37 per ton, between 8 and 10 cars of number one gems to be loaded by you f. o. b. cars at Grandview, Washington, number one quality, delivery to be made as follows: As soon as possible, sort to be good commercial one, 4 oz. and larger, reasonably smooth. This contract covers all his potatoes.
No. 272.                                By F. M. Balcom.

"I hereby accept the foregoing offer and acknowledge receipt of $800 as advance payment thereon.

"Dated this———— day of————, 191—.

                                        "M. Kohno."

There is no dispute regarding the meaning of the words "number one gems." Respondent was a tenant farmer, occupying and farming a certain known 80-acre tract. After the delivery of some 78 tons of potatoes under the contract, respondent failed and refused to make further delivery upon the ground that the remainder of the crop grown by him belonged to the landlord, and thereafter of the crop grown by respondent and ready for harvest when the contract was made, there was sold and delivered to others 48 tons and 1,953 pounds of potatoes.

Appellant brought this action, alleging that, on the strength of his contract, he had resold to others; that respondent's failure to deliver the entire crop required

him to purchase on the open market potatoes to fill his contracts at the then market price of $110 per ton, to the full amount of the potatoes undelivered by respondent, and that the loss thus occasioned amounted to $73 per ton on the whole of 48 1953/2000 tons raised by respondent but not delivered under the contract, and sought recovery in that amount.

The trial court found that the respondent was the owner of but 65% of the crop raised by him; that the words: "This contract covers all his potatoes," applied to and meant only such 65% of the crop; that there had been a delivery of all of the 65% except 4 tons and 671 pounds; that appellant was damaged by such failure to deliver in the sum of $312.84, and this sum was allowed as a credit or offset on $852.27, the unpaid portion of the purchase price of the potatoes delivered, which remained in the hands of appellant at the time of the breach, and rendered judgment against appellant for the difference, from which judgment he has appealed.

It now seems to be the contention of the appellant that there was no ambiguity in the contract, and that he was entitled to receive, in any event, the minimum of eight cars named in the contract. If respondent had been a dealer in potatoes instead of a grower, and if the words, "This contract covers all his potatoes," had been omitted from the contract, this contention might be maintainable; but the words last quoted must have been placed in the contract for a purpose, and when we take into consideration what was within the contemplation of the parties at the time the contract was made, the purpose becomes evident. Respondent had twenty-five acres of potatoes, only a few of which had been dug. Neither party could know with any certainty how much the yield would be, or what percent-

age thereof would grade four ounces and larger, and be acceptable under the terms of the contract. While respondent testified that he told appellant that he owned and could sell but 65% of the crop, this evidence is overcome, not alone by appellant's denials, but also by the previous course of dealing between the parties, and by the surrounding circumstances, so that we have no hesitancy in holding that the words, "this contract covers all his potatoes," meant, and were understood to mean by all parties at the time, the whole crop upon the particular land which respondent was then farming. That such a sale was, as between respondent and his landlord, unauthorized or a breach of their contract, would, being unknown to appellant, in nowise affect him or his rights. We hold, therefore, that, there being no dispute as to the market price at the time the breach became evident, appellant is entitled to recover $73 per ton upon 48 1953/2000 tons which were sold to him under the contract but not delivered, less $852.27, the amount of money remaining in his hands.

Respondent has cross-appealed, but the conclusion already reached renders it unnecessary to discuss the points raised by him, excepting one only. That is that appellant's failure to pay promptly on delivery for the potatoes which were delivered was a breach of the contract on his part, and having breached the contract he cannot recover. It may be assumed that, there being no time for payment fixed in the contract, it was appellant's duty to pay on delivery. Apparently he was doing so until matters occurred indicating that respondent would refuse full delivery. Respondent testifies, and appellant admits, that he asked for his money, but it nowhere appears that he made the payment of the money then due him a condition affecting

his future deliveries, or gave any notice of an intention, or entertained any intent, to claim a breach if his request was not immediately complied with. Nothing shown in the record indicates that the withholding of the money was by either party considered a breach of the contract at the time; but, upon the other hand, the evidence, without conflict, indicates that the money was withheld for the purpose of insuring the performance of the contract, and not otherwise. Respondent has, therefore, failed to establish his claim that appellant breached the contract.

For the reasons indicated, the judgment will be reversed with directions to enter a judgment in harmony with the views herein expressed.

MAIN, C. J., MITCHELL, and PEMBERTON, JJ., concur.